UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Robert A. Kaltreider, § | |
|     *Petitioner*, § | |
| § | |
| vs. § | Civil Action H-06-1312 |
| § | |
| Nathaniel Quarterman, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Robert A. Kaltreider's application for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation. (Dkt. 2). Respondent has filed an answer. (Dkt. 14). The court recommends that Kaltreider's application be denied.[1]

## BACKGROUND

Kaltreider is an inmate of the Texas Department of Criminal Justice serving a ten-year sentence for injury to the elderly. On April 16, 2002 a conviction against Robert A. Kaltreider was voided and set back on the court's docket for disposition. Subsequently, Kaltreider was convicted of injury to the elderly in the 179th District Court of Harris County, Texas on May 16, 2003. Kaltreider pled guilty and was sentenced to 10 years in prison. On

---

[1] Petitioner's motion for evidentiary hearing (Dkt. 25) must also be denied for failure to satisfy any of the prerequisites for such a hearing set by 28 U.S.C. § 2254(e)(2). His claims do not rely upon a new rule of constitutional law previously unavailable, nor upon a factual predicate that was not previously discoverable through the exercise of due diligence. Moreover, the facts underlying his claims do not establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have convicted him.

June 6, 2003 Kaltreider filed a motion for a new trial, which was denied. Kaltreider did not appeal his conviction, but filed an application for writ of habeas corpus on the grounds of ineffective assistance of counsel, involuntary guilty plea, and trial court's abuse of discretion. The Texas Court of Criminal Appeals denied this application on March 29, 2006. Kaltreider attempted to file two applications for a writ of mandamus in connection with his state writ; however the Court of Criminal Appeals denied him leave to file the pleadings. Kaltreider filed his federal application for writ of habeas corpus on April 13, 2006, asserting the same grounds for relief as in his state applications.

## ANALYSIS

Kaltreider's federal petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254. Section 2254 sets a "highly deferential standard" for evaluating state court rulings which demands that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Kaltreider may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Kaltreider's petition raises three grounds for relief: (1) ineffective assistance of counsel; (2) his guilty plea was coerced; and (3) the trial court abused its discretion.

**1.      Ineffective Assistance of Counsel Claim**

Kaltreider complains that his trial counsel was ineffective for (A) advising him to submit to a pre-sentence investigation and hearing which brought his extraneous offenses to the attention of the judge and prejudiced the outcome of the sentence; (B) assuring him that he would not have to spend any time in prison; and (C) failing to file a notice of appeal.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must prove (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense" so gravely as to "deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 688, 687 (1984). When evaluating a claim for the ineffective assistance of counsel in a non-capital sentencing context, the court must determine whether a reasonable probability exists that but for the trial counsel's errors, the petitioner's sentence would have been significantly less harsh. *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993). In making this determination, the factors to be considered include the actual sentence imposed, the maximum and minimum sentences allowed, the relative placement of the sentence within the minimum and the maximum, and the various relevant mitigating and aggravating factors. *Id.* at 88-89.

Kaltreider received a ten-year sentence while exposed to a sentencing range of two to twenty years. Kaltreider's sentence fell in the approximate middle of the sentencing range.

Kaltreider had already received a ten year sentence for the same offense in a voided trial. Accordingly, Kaltreider cannot show that but for counsel's alleged errors he would have received a sentence that was "significantly less harsh" than the one he received.

Furthermore, even if Kaltreider could show deficiency by counsel for assuring him that he would not have to spend any time in prison if he pled guilty, he has not shown that any prejudice occurred as a result. To prove prejudice in the guilty plea context, the petitioner must show that but for counsel's alleged deficiency, there is reasonable probability that the defendant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Kaltreider had already been tried for this offense, and the jury found him guilty with punishment assessed at ten years. This verdict was voided on the technicality that the presiding judge had not been properly sworn in. Moreover, Kaltreider's counsel stated in a sworn affidavit that this case was not "a good case to try to a jury" based on factors including Kaltreider's past criminal history, Kaltreider's failure to follow through with medical treatment, and the possible testimony of numerous other females complaining that Kaltreider had behaved in a manner identical to the facts charged in this case. On this basis, Kaltreider has not shown a reasonable probability that he would not have pled guilty and instead insisted on going to trial but for counsel's alleged deficiency.

Furthermore, although Kaltreider claims that counsel should have withdrawn the guilty plea because counsel allegedly made assurances that he would not have to spend any

4

time in prison, counsel's affidavit makes clear that neither he nor co-counsel made any assurances that Kaltreider would receive community supervision, counsel specifically pointed out that "the entire outcome of the case would be in the judge's hands and not the jury."

Moreover, counsel's recommendation to submit to a pre-sentence investigation is more properly characterized as a strategic decision to avoid additional prison time, rather than ineffective assistance of counsel. Generally, there is a "strong presumption" that counsel's conduct "falls within the wide range of reasonable professional assistance," and a disagreement with counsel's strategy will not validate a finding of ineffective assistance of counsel. *Bell v. Cone*, 535 U.S. 685, 698 (2002). A court will not second guess counsel's strategy simply because something may have been done differently. *See Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Kaltreider's claim points to a retrospective disagreement with counsel's strategy to submit to a pre-sentence investigation. However, Kaltreider has not overcome the strong presumption that counsel's conduct was reasonable at the time.

Finally, a petitioner cannot create an ineffective assistance of counsel from an attorney's failure to appeal meritless claims. *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990). While Kaltredier claims that counsel was ineffective for failing to file a notice of appeal, he does not allege that he was unaware of his appellate rights or that he informed counsel that he wished to appeal. Moreover, even if counsel had filed a notice to appeal, Kaltreider has not shown that there is a reasonable probability that the final result would have

5

been different. *See Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005).

**2.      Involuntary Guilty Plea Claim**

Kaltreider claims that his plea was coerced because upon the advice of counsel he asked for a guilty plea. To be valid, a guilty plea must be knowingly, intelligently and voluntarily entered. *Grabowski v. Jackson County Public Defenders Office,* 47 F.3d 1386, 1389 (5th Cir. 1995). It must be shown that the defendant understood the nature of the charges and the consequences of the plea. *Boykin v. Alabama*, 395 U.S. 238 (1969). A defendant is fully aware of the consequences of his plea as long as he understands the length of time he might possibly receive. *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982). However, mere understanding that the defendant would receive a lesser sentence in exchange for a guilty plea will not abrogate that plea if a heavier sentence is actually imposed. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). In situations where an actual promise has been made to a petitioner, rather than a mere "understanding," federal habeas relief may be granted if the petitioner can show (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of any eyewitness to the promise. *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986).

Kaltreider states that counsel repeatedly told him that "his age, remorse, therapy, and physical condition would prevent incarceration" because he was "a liability to the penal system." However, Kaltreider has not shown that his counsel made an actual promise that he would receive a lesser sentence in exchange for a guilty plea. Kaltreider also does not

6

allege that he was unaware of the consequences of his guilty plea. Furthermore, the record reveals that Kaltreider signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." In that instrument, Kaltreider affixed his signature to the following statement: "I am totally satisfied with the representation provided me by counsel and I received effective and competent representation." The trial judge and Kaltreider's attorney also signed a document stating that they informed Kaltreider of the consequences of his plea and certified that he knowingly and voluntarily entered it.

The court documents are entitled to a presumption of correctness. *Carter v. Collins*, 918 F.2d 1198, 1202 n. 4 (5th Cir. 1990). The petitioner has the burden of rebutting this presumption with clear and convincing evidence, but Kaltreider has not presented any evidence rebutting this presumption other than his conclusory statements. The court concludes that Kaltreider's plea was knowing, voluntary, and intelligent.

**3.      Trial Court's Abuse of Discretion Claim**

Kaltreider claims that the trial court abused its discretion by informing him that his prior convictions would not be considered, yet still considering his prior convictions; refusing his request for a mistrial; and by finding the enhancement paragraph true during his plea proceeding despite having previously found enhancement to be false during his jury trial. The state habeas corpus court rejected the abuse of discretion claim, finding that Kaltreider failed "to allege sufficient facts which, if true would show that the trial court unlawfully enhanced his sentence in the primary case with a prior felony conviction." *See Ex parte*

7

*Kaltreider*, No. 60, 328-03 at 164. To prevail, therefore, Kaltreider must show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Kaltreider does not meet this burden. Furthermore, Kaltreider's judgment sheet reflects that the court never entered a finding on his enhancement. This court, therefore, does not find that the trial court abused its discretion.

## RECOMMENDATION

For the reasons discussed above, the court recommends that petitioner's application for writ of habeas corpus be denied with prejudice.

The court further finds that Kaltreider has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 6, 2007.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge